## McCaffrey's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Francis J. McCarthy,* for petitioner.

*Michael Francis Doyle,* contra.

KLEIN, J., November 7, 1941.—The executrix's first and final account was confirmed by adjudication dated June 26, 1937, to which no exceptions were taken. The adjudication awarded complete distribution of the estate and directed the filing of a schedule of distribution.

The schedule of distribution was not forthcoming, whereupon the court, upon a petition filed by the present petitioner, on November 5, 1937, entered an order against the accountant to file such a schedule within

ten days after personal service of the order upon her. A schedule of distribution was thereupon filed and approved by the court on January 7, 1938. Petitioner filed exceptions to the schedule and later withdrew them on October 18, 1938.

While this controversy between the executrix and her sister, the petitioner, was in progress, a petition to review the adjudication was filed by the Secretary of Banking as receiver of the Bankers Trust Company of Philadelphia on February 25, 1938. On October 19, 1938, a stipulation of counsel was filed and approved by this court, wherein it was provided that the executrix set aside a fund sufficient to pay the receiver's claim of $20,000, plus accumulated interest, in the sum of $12,700, until the final determination of the said claim.

On November 17, 1939, upon petition filed by the executrix, concurred in by counsel for the receiver, a decree was entered by this court relieving the executrix "from further holding the securities as ordered and directed heretofore." The decree further ordered that "the same be distributed to the proper parties in accordance with the terms of the adjudication and the schedule of distribution filed in this estate."

On September 19, 1940, on petition duly filed, a citation was issued directed to the executrix to show cause why she should not make full and complete distribution in accordance with the schedule of distribution. An answer was filed by the executrix in which she admitted that full distribution had not been made in accordance with the schedule. She gave as the reason for not making distribution the fact that some of the assets consist of shares of stock of liquidating building and loan associations, the value of which she claimed it was impossible to determine. She also admitted that the petitioner is entitled to a proportionate share of three unliquidated mortgages. In further defense she stated that it had been necessary to sell certain shares

of stock and to use all available cash funds of the estate to pay the Federal tax claims, which she alleged were $2,382.43 in excess of the reserve for these taxes fixed in the schedule of distribution.

Nothing was done by either of the parties to dispose of the questions raised by the petition to compel distribution and answer thereto, but on July 22, 1941, to add to the confusion existing in this case, the executrix filed what she designated as a "Second Supplemental Account" in which she, for a second time, accounted for some of the assets which were included in the first account. Thereupon the petition and answer were placed on the October 1941 argument list for disposition.

We will first dispose of the question of the "second supplemental account." There is no authority in law permitting the filing of such an account. The assets contained therein had already been accounted for and distribution thereof directed by the adjudication and schedule of distribution. The executrix's sole responsibility with respect to these assets since November 17, 1939, the date upon which the interest of the Bankers Trust Company in this estate terminated, was to make distribution in accordance with the court's direction. This account must therefore be regarded as a nullity.

Furthermore, the executrix's answer that the remaining assets consist of shares in liquidating building and loan associations and unconverted mortgages is without merit. The adjudication granted her leave to make all transfers and assignments necessary to effect distribution. It is therefore her duty to prepare such transfers and assignments and deliver them to the parties entitled thereto in accordance with the adjudication and schedule.

The executrix's allegation that she paid taxes in excess of the sum reserved in the schedule is also of no avail in the present proceedings. The only proper defense that she can file is one in which she alleges dis-

tribution in accordance with the court's direction. The adjudication and schedule of distribution, which when approved by the court became part thereof, became the final judgment in this case and is res judicata as to all of the questions raised by the executrix's answer. If the executrix is entitled to any credits not provided for in this adjudication and schedule, her only method to obtain relief is to file a petition to open, review and correct the adjudication. Since no such proceedings have been instituted, we will enter the following

### Order

And now, November 7, 1941, it is ordered and decreed that Annie McCaffrey, executrix of the estate of Thomas McCaffrey, deceased, make full and complete distribution of the estate of said decedent in accordance with the schedule of distribution heretofore filed by her and approved by the court, within 10 days after personal service of this order upon her.